UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM M. FREEMAN,

    Plaintiff,

v.                                           Case No.  6:12-cv-1584-ORL-22TBS

SHARPE RESOURCES CORPORATION,
a Canadian corporation; ROLAND M.
LARSEN, a citizen of Virginia; and
ZIGGURAT (Panama), S.A., a Republic of
Panama corporation,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Entry of Default Final Judgment Against Defendant Ziggurat (Panama), S.A. with Supporting Memorandum of Law. (Doc. 29).  Based upon the following discussion, it is respectfully recommended that the motion be denied without prejudice.  It is further recommended that Plaintiff be allowed to renew the motion, to the extent appropriate, upon conclusion of the case.

### I.  Background[1]

Plaintiff, William M. Freeman alleges that he is an experienced businessman who was fradulently induced by Defendants, Sharpe Resources Corporation, Roland M. Larsen, and Ziggurat (Panama) S.A., to deposit $1.3 million into an escrow account as a condition precedent to Defendant Sharpe securing a $130

---

[1] All references are to Freeman's Complaint (Doc. 1), unless a different source is indicated.

million loan from Defendant Ziggurat.  (¶¶ 1, 2, 11, 16).  Freeman was told the loan money would be used to develop valuable coal mineral rights which Sharpe owned in Preston County, West Virginia and which, according to Larsen, were valued at well over $200 million.  (¶¶ 16-17).  The Defendants promised Freeman that if the loan did not close within 60 days, the $1.3 million would be returned to Freeman.  (¶¶ 19-21, 26).  The loan did not close within the 60 days and, has never closed.  (¶ 34).  Despite Freeman's repeated demands, including a demand letter written by his attorney, the $1.3 million has not been returned to Freeman.  (¶¶ 34-35).  Now, Freeman complains that the Defendants, intending to defraud him, made the following representations, all of which were false:

    (1) Larsen, acting individually and on behalf of Sharpe, said the Preston County coal mineral rights were owned 100% by Sharpe and had an estimated reserve of "100 MMT (min 10 yr life)," meaning they could produce 100,000 tons of CBM Steam (high btu/low sulfur) coal per month.  (¶ 33).

    (2) Larsen represented that the Preston County coal mineral rights were worth over $200 million.  (Id.)

    (3) Larsen represented that in 2008 and/or 2009, a different, reputable lender, had conducted due diligence and had agreed to provide capital for the development of the coal mineral rights but the deal fell apart when Larsen was unhappy with the terms the lender offered.  (Id.)

(4) Larsen and representatives of Ziggurat told Freeman his $1.3 million would be held in escrow and returned if the financing transaction did not close within 60 days. (Id.)

(5) Representatives of Ziggurat said there had never been a single complaint made against it and that it had always returned the entire deposit if a financing transaction did not close. (Id.)

Freeman brings this action against all Defendants, jointly and severally for: Count I-Civil Theft and Conversion; Count II-Common Law Fraud (Damages); Count III-Common Law Fraud (Rescission); and Count IV-Civil Conspiracy. (Doc. 1). All Defendants have been served. (Docs. 6-8). Larsen and Sharpe have filed a motion to dismiss Freeman's Complaint. (Doc. 28). Ziggurat has not appeared in the case and on December 11, 2012, the Clerk of Court entered a default against Ziggurat. (Doc. 26).

II. Analysis

In Frow v. De La Vega, 82 U.S. 552, 554 (1872), the Court said:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike- the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

In cases like this one, where there are multiple defendants, judgment should not be entered against a defaulted party alleged to be jointly liable, until the case had been adjudicated with regard to all the defendants. Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C., No. 6:11-cv-1054-Orl-28DAB, 2011 WL

6752561, at *5 (M.D. Fla. Nov. 16, 2011). In Politano v. Ott, No. 6:07-cv-958-Orl-18DAB, 2008 WL 4104137, at *1 (M.D. Fla. Aug. 6, 2008) The Court said:

> This prohibition against logically inconsistent judgments does not apply only to cases where liability is deemed to be joint. In this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." Gulf Coast Fans v. Midwest Elecs. Imp., 740 F.2d 1499, 1512 (11th Cir.1984) (citing C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06, and reasoning that it would be inconsistent for the plaintiff to collect a judgment against the defaulting defendant on a contract when a jury, in a suit against another defendant under the same contract, had found that the plaintiff itself had breached that contract). This district has followed Frow and has been sensitive to the risk of inconsistent judgments. See Centimark Corp. v. A to Z Coating & Sons, Inc., 2007 WL 4557247 (M.D.Fla.2007), affirmed, 2008 WL 2909299 (11th Cir. July 30, 2008) (unpublished); Temporary Services Insurance Ltd. v. O'Donnell, 2008 WL 2730997, 1 (M.D.Fla.2008) (slip opinion-declining to enter default judgment against some defendants where other claims remained against other defendants, noting: "the risk of inconsistent judgments").

### III.  Recommendation

A default judgment against Ziggurat now, may ultimately prove to be inconsistent with the outcome of Freeman's claims against Larsen and Sharpe. Accordingly, it is respectfully recommended that the Court follow the "sound policy" in this District and that Freeman's motion be denied without prejudice. It is further recommended that Plaintiff be allowed to renew the motion, to the extent appropriate, once the merits of the case against Larsen and Sharpe are decided.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections

shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

    Recommended in Chambers in Orlando, Florida, on February 7, 2013.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Presiding United States District Judge
    Counsel of Record