UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM M. FREEMAN,**

      **Plaintiff,**

v.                                              Case No: 6:12-cv-1584-Orl-22TBS

**SHARPE RESOURCES CORPORATION,
ROLAND M. LARSEN, ZIGGURAT
(PANAMA), S.A.,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration of Magistrate Judge Smith's April 3, 2013 Report and Recommendation ("R&R") (Doc. No. 41) regarding Defendants Roland Larsen and Sharpe Resources Corporation's ("Defendants") Motion to Dismiss (Doc. No. 28) the Complaint of Plaintiff William M. Freeman ("Plaintiff"). Defendants filed limited Objections to Judge Smith's R&R (Doc. No. 43); Plaintiff filed a Response in opposition thereto (Doc. No. 44).

## I. BACKGROUND

This action arises from a failed business transaction in which Plaintiff alleges he lost $1.3 million due to fraudulent misrepresentations and omissions by Defendants and their alleged co-conspirator, Ziggurat, a Panamanian "investment" fund that has already defaulted in this action (Doc. No. 26). Count I of Plaintiff's Complaint alleges civil theft and conversion, Counts II and III common law fraud, and Count IV civil conspiracy, all pursuant to Florida law. (Pl.'s Compl. (Doc. No. 1) at ¶¶ 37–57.) The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(3). The Court adopts as if fully set forth herein the comprehensive recitation of the background facts from the R&R.

Defendants moved to dismiss all four counts for failure to state a claim pursuant to Rule 12(b)(6). The motion sought dismissal of the fraud counts because they were insufficiently pled, failed to allege material misstatements or omissions, and were barred by the economic loss rule and the merger clause of the underlying agreement between the parties to this lawsuit. Defendants argued that the civil conspiracy count should be dismissed because of the economic loss rule and the lack of a well-pleaded factual allegation that a conspiratorial agreement existed. Finally, the motion asserted that the civil theft count failed to aver that Defendants had control or dominion over the allegedly misappropriated funds.

The Court referred that motion to Magistrate Judge Smith (*see* Doc. No. 35). He recommended that the motion to dismiss be denied entirely as to the civil conspiracy and conversion / civil theft counts and denied in part as to the fraud counts (granted only where such counts are based on allegedly fraudulent statements that were contained in the underlying contract between the parties[1]). Defendants objected to Magistrate Judge Smith's recommendations on Counts I and IV; Plaintiff did not file any objection.

## II. LEGAL STANDARD

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Federal Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam). The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. *Id. De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

---

[1] The contract covered only one of the five alleged fraudulent statements – Defendants' statements that the $1.3 million lent by Plaintiff would be held in escrow and returned if the transaction did not close within 60 days. (*See* R&R at p. 12.)

## III. ANALYSIS

### A. Objection to Recommendation on Count I

Defendants assert that Count I, alleging conversion and civil theft, should be dismissed because the Complaint failed to allege that Defendants maintained dominion and control over the purportedly misappropriated assets. Magistrate Judge Smith determined that the elements of conversion and civil theft do not include a requirement that the defendant had control over the property at issue. A claim for conversion of money requires the plaintiff to demonstrate: "(1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives plaintiff of that money; and (4) a demand for return of the money and a refusal to do so." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1264 (M.D. Fla. 2003) (discussing sufficiency of future and contingent possessory interests to maintain a conversion action in Florida). After *de novo* review, the Court determines that the factual allegations contained in Plaintiff's Complaint meet these elements. The Complaint alleges specific fraudulent misrepresentations that proximately caused Plaintiff to be deprived of his money. Additionally, the Complaint adequately alleged Defendants' criminal intent, which is necessary to maintain an action for civil theft.

Defendants cite *Bailey*, a prior order of this Court, for the proposition that conversion and civil theft claims are ineffective where the failure of a defendant to comply with a demand for the return of property "was explained by want of possession from the very inception." (Def.'s Objection (Doc. No. 43) at p. 7.) However, a thorough reading of *Bailey* reveals that the Court was discussing an *alternative* theory of conversion in which no "unauthorized act" takes place; here, the Complaint clearly alleges the more typical form of conversion outlined above. Defendant's alternative theory is also ill-suited to the present facts. As this Court observed in *Bailey*, "several courts applying Florida law have indicated that a defendant's want of possession

- 3 -

at the time of an unmet demand is <u>immaterial</u>" where the demand and refusal succeeds an unauthorized act. 288 F. Supp. 2d at 1277 n.40 (collecting cases) (emphasis added).[2]

**B. Objection to Recommendation on Count IV**

Citing Rule 9(b),[3] Defendants object to Magistrate Judge Smith's recommendation that their motion be denied as to Count IV. Defendants claim that the Complaint contains insufficient allegations to support the existence of a conspiratorial agreement between themselves and Ziggurat. (Doc. No. 43 at p. 5.) Specifically, Defendants take issue with Magistrate Judge Smith's conclusion that, construing the facts in a light most favorable to Plaintiff, the Complaint "sufficiently alleges that all Defendants made statements to [Plaintiff] concerning the Project and the liquidity deposit with the intention of defrauding him." (R&R (Doc. No. 41) at p. 17.)

In Florida,

> [A] civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.

*Russo v. Fink*, 87 So. 3d 815, 819 (Fla. 4th DCA 2012) (citation and quotation marks omitted). An agreement between Defendants Sharpe Resources Corp. and Roland Larsen is insufficient, because an agent generally cannot conspire with his employer. *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). However, Plaintiff pleaded sufficient facts to allege a conspiracy between Defendants and Ziggurat; its President, Charles Gordon (Compl. at ¶ 26); its purported compliance officer, Lou O'Connell (*id.* at ¶ 21); its escrow agent, OPT Title (*id.* at ¶19); and/or Standard Energy Company, which was allegedly controlled by Larsen but

---

[2] The pure demand and refusal theory of conversion is more appropriate in the context of the traditional common law action for trover, the archetypal form of which occurs when a finder of lost goods refuses to return the goods upon the rightful owner's demand, converting them to his own use instead. *Bailey*, 288 F. Supp. 2d at 1269 (citing Restatement (Second) of Torts § 222 cmt. a (1965)).

[3] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

otherwise unrelated to Sharpe (*id.* at ¶ 27). Plaintiff's factual recitation supports an allegation of civil conspiracy that is sufficient to overcome a motion to dismiss; at a minimum, Plaintiff adequately alleged that Larsen, Sharpe, and Ziggurat cooperated to obtain Plaintiff's funds, which subsequently disappeared.

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Magistrate Judge Smith's April 3, 2013 Report and Recommendation (Doc. No. 41) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Defendants Roland Larsen and Sharpe Resources Corporation's Objections to the Report and Recommendation (Doc. No. 43), filed April 17, 2013, are **OVERRULED**.

3. Plaintiff William M. Freeman is granted leave to amend his Complaint to address the pleading deficiencies in Counts II and III identified in the Report and Recommendation. Any amended complaint must be filed by May 30, 2013.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on May 16, 2013.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge Smith